# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-2116**

ELEANYA AGBAI AGIDI,

              Petitioner,

   v.

MERRICK B. GARLAND, U.S. Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 6, 2021               Decided: October 28, 2021

Before WYNN and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Lisa Morinelli, Trial Attorney, OFFICE OF IMMIGRATION LITIGATION, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eleanya Agbai Agidi, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (1) dismissing his appeal of the immigration judge's (IJ) order denying, as a matter of discretion, Agidi's application for a waiver of inadmissibility pursuant to 8 U.S.C. § 1227(a)(1)(H) (hereinafter "fraud waiver"); and (2) denying Agidi's motion to remand and reopen his removal proceedings to allow for consideration of evidence related to Agidi's recently developed medical conditions. We dismiss the petition for review for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review the agency's purely discretionary denial of Agidi's application for a fraud waiver.[*] *Accord Asentic v. Sessions*, 873 F.3d 974, 982 (7th Cir. 2017) (collecting cases holding that the court of appeals lacks jurisdiction to review the agency's discretionary denial of a fraud waiver). We retain jurisdiction over constitutional claims and colorable questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), but, at most, Agidi's arguments in this court assign error to the weight the agency afforded the positive equities in his case. It is well settled that "a challenge to the weight attributed to certain factors relevant to immigration determinations does not present a question of law." *Sorcia v. Holder*, 643 F.3d 117, 125 (4th Cir. 2011); *see also generally Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020) (reaffirming that, in terms of the jurisdiction-stripping provision of § 1252(a)(2)(B), "a noncitizen may not

---

[*] *See* 8 U.S.C. § 1227(a)(1)(H) (granting the Attorney General discretion to waive a noncitizen's inadmissibility for having committed immigration fraud).

bring a factual challenge to orders denying discretionary relief, including . . . certain inadmissibility waivers, and other determinations made discretionary by statute" (internal quotation marks omitted)).  Finally, with regard to the Board's denial of Agidi's motion to remand and reopen, as we reiterated in *Sorcia*, "the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) applies where the basis for the discretionary decision [to deny a motion to remand] addresses the merits of an enumerated provision."  *Sorcia*, 643 F.3d at 126 (internal quotation marks omitted).  As this is precisely what happened here, we likewise lack jurisdiction to review the denial of Agidi's motion to remand and reopen.

Accordingly, we dismiss this petition for review for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*